[S. F. No. 676.   Department One.—October 1, 1897.]

## Z. N. SPAULDING, Appellant, v. GEORGE E. DOW, Respondent.

WARRANTY—CONTRACT—FINDINGS—WANT OF CONSIDERATION.—In an action to recover for the breach of a written warranty of the capacity of a pump manufactured and sold by the defendant to the plaintiff, in which the defendant, by answer, denies making the representations alleged, sets out the representations that were made, and that the alleged warranty was without consideration and given after the purchase and delivery of the pump, and as a counterclaim, the amount of certain expenditures made by him in sending an agent to examine the pump, under an alleged agreement with plaintiff that, if the pump was found to be as represented by defendant, plaintiff would repay the expense of such agent, and by cross-complaint set up a want of consideration for the warranty and prayed for its reformation on account of accident and mistake, a finding that the defendant had fully complied with the terms of the contract, is sufficient to support a judgment in his favor, without finding specifically on the probative facts as to what representations and warranties were made, and rendered the subject matter of the cross-complaint immaterial.

ID.—IMMATERIAL ISSUES.—A finding that the warranty was without consideration rendered immaterial the issues raised by the cross-complaint as to its being made by accident or mistake.

ID.—COUNTERCLAIM.—A finding, in general, that the allegations of the counterclaim "are untrue, and not supported by the evidence," should not be construed as intended to contradict the specific findings upon the main subject of the controversy.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   A. A. Sanderson, Judge.

The facts are stated in the opinion of the court.

Myrick & Deering, and Samuel Knight, for Appellant.

C. E. K. Royce, R. M. Royce, and Chickering, Thomas & Gregory, for Respondent.

VAN FLEET, J.—Action for breach of an alleged warranty of the capacity of a pump manufactured and sold by defendant to plaintiff. The material averments of the complaint are that the pump was sold and delivered to plaintiff on July 18, 1887, at the city of San Francisco, with the understanding by defendant that it was for use by plaintiff as a vacuum pump in the manufacture of sugar in the Hawaiian Islands; that as an inducement to plaintiff to purchase, and before the purchase was made, defendant represented that the pump was "fully equal" to a Blake vacuum pump (of a certain designated capacity), and gave plaintiff a written warranty guaranteeing such capacity. That plaintiff, relying upon such representations and warranty, purchased and paid for the pump, had it shipped to the Hawaiian Islands, and there tried in good faith to use it for the intended purpose; but that the defendant's representations were false; that the pump was not as represented and guaranteed, but was and is useless for the purposes for which it was purchased; that by reason of the premises plaintiff suffered damage, for which judgment is asked.

The answer sets up that the pump was constructed in pursuance of an offer or proposal theretofore made by defendant and accepted by plaintiff, wherein the dimensions and character of the pump were particularly specified, and in accordance with which the pump was built by plaintiff's express directions and delivered to him on July 18, 1887; denies making the representations as alledged by plaintiff, and sets out the representations that were made; denies that defendant gave any written warranty prior to the purchase or in consideration thereof, but avers that the alleged written warranty was presented to him by plaintiff and signed by him long after the purchase and delivery of the pump, was without consideration, did not express the capacity of said pump, as defendant had represented it or was willing to warrant it, but that it was inadvertently signed by defendant; denies that the pump was not of the capacity as represented, but al-

leges that it was in all respects according to the contract and perfect in all particulars.

In a counterclaim defendant sought to recover the amount of certain expenditures made by him in sending an agent to examine and report upon the pump, under an alleged agreement with plaintiff that if the pump was found to be as represented by defendant, plaintiff would repay the expense of such agent, it being alleged that the result of the examination was to show that the pump was fully up to the representations of defendant.

In a cross-complaint defendant set up the circumstances of the giving of the written warranty counted on by plaintiff; alleged that the same was given after the purchase and without consideration; that it did not conform to the terms of the representations of defendant, but by accident and mistake omitted certain terms required to express the true intent of the defendant, and prayed that it be reformed.

The court found the contract for the construction of the pump to be substantially as stated by defendant in his answer; that defendant "made and completed the said pump in all respects according to said agreement," and delivered the same to plaintiff's agents on or about July 18, 1887; "that the only portion of the agreement for the purchase and sale of said pump which was reduced to writing was the written offer on the part of the defendant"; that the alleged written warranty, signed by defendant, was presented to defendant on August 10, 1887, "after the said pump had been manufactured and delivered"; and that defendant, "without any consideration therefor whatsoever signed the same; that said warranty was also inadvertently signed by defendant"; that all the representations of the defendant to plaintiff regarding said pump "were true, and that the said pump was sound and merchantable at the time and place of production and delivery, and free from any latent defect, and reasonably fit for the purposes for which it was manufactured."

It was also found that the allegations of defendant's counterclaim were untrue.

Upon these findings judgment was entered for defendant for his costs. Plaintiff appeals from the judgment upon the judgment-roll alone, making the single point that the findings do not support the judgment.

It is contended that the findings are not responsive to the issues; that they are contrary to the admissions of the pleadings; and that they are inconsistent with and contradictory of each other. We are unable to perceive wherein either or any of these objections are well founded.

Appellant urges that he was entitled to a specific finding as to what, if any, representations and warranty were made by respondent. Such a finding would have been probative in character, and it is only upon the ultimate facts that the court is required to find. The fact upon which plaintiff's right to recover depended was, Did defendant comply with the terms of his contract? The contract necessarily included whatever representations or warranties were in fact made as to the capacity of the pump, and the court, in finding that defendant had fully complied with the terms of that contract, was not required to set out what those terms were. The latter was mere matter of evidence from which the fact found was to be deduced. It is found that the pump was constructed and delivered in all respects according to the contract. This was the ultimate fact.

It is claimed that there was a failure to find upon the issues made by the cross-complaint and the answer thereto. But in this appellant is mistaken. The only material issues made by the latter pleadings were whether the alleged written warranty was supported by any consideration; and if so, whether it was signed by inadvertence or mistake, without expressing respondent's intention. The court found that the alleged writing was without consideration; and thereby the question whether its terms expressed the intention of the maker became immaterial. Moreover, the finding that the contract had been fully complied with by respondent rendered the entire subject matter of the cross-complaint immaterial to the rights of the parties.

It is said that the findings are contradictory and inconsistent, in that by its finding that the allegations of the counterclaim "are untrue, and not supported by the evidence," the court impliedly found that the pump was defective and incapable of performing the work respondent represented it would do. But the finding has not such effect. The only material question raised by the counterclaim was as to respondent's right to recover the amount of the expense there alleged; and the finding simply

ᵓgatives such right. It is general in terms, and is not to be construed as intended to contradict the specific findings made upon the main subject of the controversy.

We think the findings fully support the judgment.

Judgment affirmed.

Harrison, J., and Garoutte, J., concurred.