[Civ. No. 12131. Second Appellate District, Division One.—December 17, 1940.]

MARK F. JONES, Respondent, v. HUGH WILTON, Appellant.

Calvin L. Helgoe for Appellant.

W. L. Engelhardt and A. G. Divet for Respondent.

YORK, P. J.—This appeal from a judgment in favor of respondent, an attorney at law, is prosecuted upon the judgment roll alone.

The complaint alleges that prior to September 5, 1928, respondent had rendered professional services on behalf of appellant, and that on said date an account was stated between them and an agreement executed by the terms of which appellant acknowledged he was indebted to respondent in the sum of $20,000 for such services; and for the purpose of securing the payment thereof, he agreed to assign to respondent certain trust deeds until the total assignments aggregated $50,000, at the same time guaranteeing that respondent should receive therefrom the sum of $20,000 with interest within thirty-six months of the date of execution of said agreement. He also guaranteed the payment of such sum irrespective of whether or not respondent received anything from the trust deeds. It is also alleged that pursuant to the agreement appellant did assign or cause to be assigned one trust deed in the sum of $10,000 which was later rendered valueless by the foreclosure of a prior lien, and that no part

of said sum of $20,000 was ever paid or satisfied in any manner. A copy of the agreement was attached to the complaint and marked Exhibit "A".

The answer denied the indebtedness and set up the following separate defenses to the action: (1) That there was no consideration for the agreement; (2) that a subsequent oral contract amounting to a rescission of the original agreement had been fully executed by the parties whereby certain real and personal property was conveyed to and accepted by respondent in full accord and satisfaction of any claims he might have had under the original agreement; (3) that payment had been made of all sums due under the agreement; (4) that said agreement provided that before it should become effective there should be assigned to respondent not less than $50,000 in first trust deeds and mortgages, and that no part of them had been assigned to respondent; (5) that the action is barred by section 337 of the Code of Civil Procedure.

At the time of trial, appellant by leave of court filed an amendment to his answer to the first amended complaint, and as a seventh separate and distinct defense alleged that false and fraudulent representations were theretofore made by respondent to the effect that "he would not enforce said agreement but would use it only to protect defendant in case defendant's creditors attempted to collect against defendant's properties or holdings and would act as trustee to collect any sums due the defendant and would hold such sums for the benefit of the defendant. That such representations were false and fraudulent . . . and were made by the plaintiff to induce the defendant to execute the said agreement. That plaintiff had no intention at said time to refrain from enforcing said agreement, but intended and at all times since, has intended to enforce said agreement. . . . That relying upon said false and fraudulent representations and believing said representations to be true, defendant did execute said agreement based upon his faith and trust in plaintiff as his attorney."

At the conclusion of the trial, the court gave judgment in favor of respondent attorney at law, and made findings of fact following practically *verbatim* the allegations of the complaint and the answer thereto, but he made no findings upon the allegations of the amendment to the answer setting up the seventh separate defense.

It is here contended by appellant that the failure of the trial court to find with respect to his separate defense alleging fraud on the part of respondent constitutes prejudicial error. He predicates his argument upon the fact that "the very existence of the relationship of attorney and client at the time the subject agreement was entered into in favor of plaintiff attorney raises a presumption of fraud and invalidity"; and that "it was necessary for the trial court to make a finding on this issue inasmuch as there was evidence in the form of the presumption referred to above, which in the absence of contrary evidence sufficient to overcome the presumption, would have required a judgment for defendant."

As hereinbefore stated, this appeal is presented upon the judgment roll alone which shows that findings of fact were made upon every issue presented by the pleadings, including appellant's separate defenses, with the exception of the defense of fraud and undue influence. ■ Since all intendments must be made in support of the judgment and all proceedings necessary to its validity will be presumed to have been regularly taken (2 Cal. Jur. 521), it must be assumed that evidence sufficient to support the findings was presented at the trial. ■ It should be noted in this connection that the court found "that it is not true that there was no consideration to the defendant Hugh Wilton for his promises under the agreement marked Exhibit "A" and attached to the amended complaint, but finds that said agreement was executed for a valuable consideration." This finding read in conjunction with the other findings made by the trial court negatives the theory advanced by appellant in his seventh separate defense that he was induced to execute the agreement relying upon false and fraudulent representations of respondent, and in addition overcomes the presumption of invalidity of the agreement which was executed while the relationship of attorney and client existed between the parties thereto. Consequently, the failure of the court to find specifically upon the issue presented by the seventh separate defense does not constitute prejudicial error.

■ "It has been repeatedly held that if findings are made upon issues which determine a cause, other issues become immaterial and a failure to find thereon does not constitute prejudicial error." (24 Cal. Jur. 947, and authorities there cited.)

In consonance with the above, it is stated in the case of *Phillips* v. *Stark*, 65 Cal. App. 136, 140 [223 Pac. 443] : ''Where issues upon which findings are made are necessarily decisive of the case, it is unnecessary that the findings should dispose of any further issues, as all other issues thereby become immaterial. (*Murphy* v. *Bennett*, 68 Cal. 528 [9 Pac. 738] . . . ; *McCourtney* v. *Fortune*, 57 Cal. 617; *Porter* v. *Woodward*, 57 Cal. 535; *Shank* v. *Blackburn*, 53 Cal. App. 620 [200 Pac. 762] . . . ; *Spaulding* v. *Dow*, 118 Cal. 424 [50 Pac. 543].)''

With respect to the allegations of fraud set up in his seventh separate defense, the burden of proof was upon appellant, accordingly, the court having found each and every allegation of the amended complaint to be true must necessarily have found adversely to said affirmative defense even though findings had been made thereon.

''It has frequently been held that if a judgment is supported by the findings, it is not prejudicial error to fail to find upon an issue, the burden of sustaining which rests upon appellant, if a finding thereon must necessarily have been adverse to him.'' (24 Cal. Jur. 944; 10 Cal. Jur. Ten-year Supp. 740; see, also, *Moore* v. *Hoar*, 27 Cal. App. (2d) 269, 292 [81 Pac. (2d) 226].)

For the foregoing reasons, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied on February 13, 1941.