[Civ. No. 17770. Second Dist., Div. One. May 31, 1950.]

ABRAHAM TURESKY, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Gilman, Gilman & Shearer and Elizabeth Gilman for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

WHITE, P. J.—Petitioner seeks a writ of mandate directing the superior court to hear and determine his petition for change of name. The admitted facts are that on February 15, 1950, petitioner filed a petition for change of name and procured an order to show cause in the Superior Court of Los Angeles County pursuant to sections 1275-1279, inclusive, of the Code of Civil Procedure; that all of the requirements of the aforesaid sections were complied with by petitioner. That on March 21, 1950, said petition came on regularly for hearing before respondent court. That upon evidence appearing that petitioner had not been a resident of the State of California for one year, the matter was continued upon respondent court's own motion to September 12, 1950, over petitioner's objection. That at the time and place of said hearing respondent court announced from the bench that a policy had been established by the judge formerly presiding in that department of the court to the effect that a year's residence in the State of California would be required before the court would act upon any petition for change of name, and for that reason the court refused to hear the petition.

By its answer respondent court alleges that "for many years it has been the established policy of Respondent Court to require residence in the State of California for the period of one year prior to granting a petition for change of name; that Respondent Court has followed that policy for the reason that within the knowledge and experience of said Court the following classes of persons attempt to change their names upon first arriving in the State:

"1. Persons who are fugitives from justice from other states;

"2. Persons who are attempting to evade their creditors;

"3. Persons who are attempting to evade family responsibilities.

"That the purpose of requiring a year's residence is to permit a reasonable length of time for law enforcement officers, creditors and dependents to ascertain the whereabouts of applicants for change of name."

The statutes of this state have not abrogated the common-law right to change one's name, and resort to legal proceedings to accomplish such change is not necessary. The purpose of the statutory procedure is simply to establish a change of name as a matter of record wherever possible. The purpose and intent of our code sections relating to change

840

of name are set forth in *In re Useldinger*, 35 Cal.App.2d 723, 726 [96 P.2d 958].

■ When a certain jurisdiction has been conferred upon a court, it is the duty of the court to exercise it, and without doubt a judge of the superior court may be compelled by a writ of mandate to proceed with the trial of an issue of either law or fact in an action rightly pending in his court when he refuses without legal reason so to do. (*City of San Diego v. Andrews*, 195 Cal. 111, 120 [231 P. 726].)

Section 594a of the Code of Civil Procedure provides that ''the court may, of its own motion, postpone the trial, if at the time fixed for the trial the court is engaged in the trial of another action; or if, as provided in section 473 of this code, an amendment of the pleadings, or the allowance of time to make such amendment, or to plead, renders a postponement necessary.'' No such situation was present in the proceeding now engaging our attention.

■ The foregoing reasons assigned by respondent court for establishing the policy of requiring residence in the State of California for the period of one year prior to granting a petition for change of name may be praiseworthy, but should be addressed to the Legislature. In view of the common-law right to change one's name and the purpose of our statutory provisions as heretofore set forth, it must be held that the foregoing ''established policy'' of respondent court is arbitrary, without warrant of law, and an abuse of the rule-making power of said court.

Let a peremptory writ of mandate issue, commanding respondent court to proceed with a hearing and determination of the petition for change of name filed by petitioner herein.

Doran, J., and Drapeau, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 20, 1950.