**UNITED STATES of America**

**v.**

**Charles CARABASI.**

**Crim. No. 21064.**

United States District Court
E. D. Pennsylvania.

June 11, 1963.

Order Aug. 9, 1963.

Drew J. T. O'Keefe, U. S. Atty., by Edward F. Kane, Philadelphia, Pa., for plaintiff.

Jacob Kossman, Philadelphia, Pa., for defendant.

WOOD, District Judge.

A motion has been filed in this criminal matter to suppress certain admissions and confessions allegedly obtained illegally from the defendant. The defendant seeks a hearing on this motion in advance of trial which the Government contends is premature under Rule 41(e). United States v. Tuzzo, 9 F.R.D. 466 (D.C.N.J.1949). The defendant argues that he is not making his motion under Rule 41(e), but rather his motion is of a general equitable nature brought under the Fifth Amendment.

The motion asserts that the defendant, who was employed as a meat grader in the Department of Agriculture, signed a written confession on a form marked "Administratively Confidential" only after he was told that he would be permitted to resign and that would be the end of the matter. Despite these proffered assurances of no criminal prosecution, his superiors forwarded the statement to the F.B.I. who interrogated the defendant and obtained another statement. Subsequently, the defendant was charged by Information with an offense under Title 7 U.S.C.A. § 1622(h) which deals with the inspection and certification of products in interstate commerce.

After consideration of the merits of the defendant's request, we feel the interests of justice will be served if the defendant is given a hearing on his motion to suppress. There is adequate authority for such a proceeding in In re Fried et al., 161 F.2d 453, 461 (2 Cir.

148

1947), writ of cert. dismissed 332 U.S. 807, 68 S.Ct. 105, 92 L.Ed. 384 (1947), wherein Judge Frank said:

> "Opposition to pre-trial suppression of illegally acquired confessions, and even a limited opposition to such suppression when no constitutional but only statutory immunities have been invaded, seem to me to imply criticism of those Supreme Court decisions holding inadmissible any evidence which federal officers obtain unlawfully. I do not join in that criticism. Particularly are those decisions valuable in the case of confessions, since they do something to guard against that most grievous kind of wrong—the conviction of innocent persons."

In the same case, Judge Learned Hand stated in his concurring opinion, 161 F. 2d at p. 465:

> " * * * I agree that now, in spite of much professional opinion to the contrary, it has become settled law, as my brother Frank says, not only that the victim may reclaim documents and other property seized in violation of the Fourth Amendment, but that, when these are contraband and need not be returned to him, he may in advance of trial and even of an indictment, secure from a court an order preventing their use as evidence. *Although, so far as I know, the same rule has not as yet been extended to confessions procured in violation of the Fifth Amendment, I feel too much the force of* consistency not to take this added step." [1] (Emphasis supplied)

Constitutional rights are never subordinated to an astringent application of the rules of procedure. Defendant's request for a hearing is granted.

### ORDER

And now, this 9th day of August, 1963, in accordance with our oral Order at the time of hearing, and no objections having been filed thereto, the motion to dismiss the information is granted with prejudice.

---

1. Also see Austin v. United States, 297 F.2d 356, 360 (4 Cir. 1961).