[Civ. No. 29966.   Second Dist., Div. Three.   Dec. 29, 1965.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; LAW-RENCE L. STEIN, Real Party in Interest.

Thomas C. Lynch, Attorney General, and Herbert Davis, Deputy Attorney General, for Petitioner.

No appearance for Respondent.

Eugene C. Berchin for Real Party in Interest.

FRAMPTON, J. pro tem.*—Mandate to compel respondent court to hear and determine a contempt proceeding.

On October 15, 1964, petitioner filed a complaint in the respondent court entitled "The People of the State of California, Plaintiff, v. Federal Liquidators, a corporation, Federal Enterprises, a corporation, dba Federal Claim Adjusters, Lawrence L. Stein, and Does I through V, Defendants," number 847,471. The complaint charged violations of section 17500 of the Business and Professions Code.[1]

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

[1]"It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this State, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, any statement, concerning such real or personal property or services, professional or otherwise, or concerning any circumstances or matter of fact connected

The defendant, Lawrence L. Stein, hereinafter referred to as Stein, is the real party in interest in the proceedings before this court.

It appears that the plaintiff, through the Attorney General, and the defendants, through their attorney, Eugene Berchin, had prior to October 15, 1964, discussed the circumstances out of which the litigation below arose and had, on August 21, 1964, stipulated to the entry of a proposed final judgment. A judgment was then rendered on January 18, 1965. There is no question raised here that the judgment rendered was not in all respects identical to the terms and conditions contained in the proposed judgment contemplated by the stipulation. When the cause came on for hearing, being an uncontested matter, by reason of the stipulation for judgment, it was transferred to David J. Aisenson, a duly qualified and acting court commissioner, who signed the judgment. On January 21, 1965, notice of entry of judgment was sent to the attorney for the defendants through the United States mail and a similar notice was sent through the United States mail to Stein at his place of residence.

■ On July 13, 1965, the petitioner filed a declaration in support of an order to show cause why Stein should not be held in contempt for a willful violation of the judgment. The order to show cause was issued and was personally served upon Stein on July 19, 1965. Hearing on the order to show cause was set for August 4, 1965, and thereafter continued to September 7, 1965. On the latter date the respondent court declined to proceed with the hearing, stating as grounds for its refusal that it desired to have points and authorities submitted on the questions (1) whether the fact that the judgment was signed by a court commissioner rendered the judgment invalid and (2) whether Stein had sufficient notice of the judgment so as to be subject to the present contempt proceeding. Hearing was then continued to September 30, 1965. Points and authorities were submitted and on the latter date the trial court again stated that it was concerned over the same two questions. There ensued a colloquy between the

with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any such person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell such personal property or services, professional or otherwise, so advertised at the price stated therein, or as so advertised.''

court and counsel consisting of 18 pages of the reporter's transcript and it would serve no useful purpose here to set out in detail the contents of this transcript. On this occasion the court refused to take evidence on the issues tendered, except that he permitted a few questions to be asked of Stein as to whether he had ever seen the judgment. The court refused to rule upon the validity of the judgment or service stating, "Now, assume that to be true, is that tantamount to a service to justify a contempt citation for a contempt action or contempt punishment? My answer is No. I don't want to rule. I am just giving you—let's call it dicta for want of a better description.

"Now, you get out a writ of mandate, counsel, and have the District Court of Appeal direct me to take testimony in this case and I will say frankly I will be glad to do it, but I don't want to hold this man in contempt and shove the burden on him to go in on a writ of habeas corpus and annoy the Court on an appeal from some decision when there is a simplified method of handling it. If you don't want to do it, maybe Mr. Berchin will accommodate the Court by getting a writ of prohibition to restrain the Court from taking any testimony." The court then postponed the hearing until December 7, 1965, for the apparent purpose of obtaining a ruling from an appellate court on the two questions hereinabove set forth.

■ The law is well settled that a trial court is under a duty to hear and determine the merits of all matters properly before it which are within its jurisdiction and that mandate may be used to compel the performance of this duty. This is so even where the trial court's refusal to pass on the merits is based on the considered but erroneous belief that it has no jurisdiction as a matter of law to grant the relief requested. ■ The court cannot, by holding without reason that it has no jurisdiction of the proceeding, divest itself of jurisdiction and evade the duty of hearing and determining it. Mandate will issue to compel a hearing and determination of the merits where the court has merely sustained an objection on jurisdictional grounds and left the proceeding pending. (*Robinson* v. *Superior Court,* 35 Cal.2d 379, 383 [218 P.2d 10] ; *Turesky* v. *Superior Court,* 97 Cal.App.2d 838, 840 [218 P.2d 784] ; *Schaefer* v. *Superior Court,* 113 Cal.App.2d 428, 439 [248 P.2d 450].)

■ There is no question that the respondent court had jurisdiction to hear and determine all issues tendered by the

petition and order to show cause including all issues relating to its jurisdiction. It is elemental that a trial court should not interrupt a trial in order to obtain directions from an appellate court in the matter of rulings on questions of law immediately confronting it. However to insure that the proceedings below will not be back in this court by way of another writ proceeding, we will undertake to lay down the rules of law applicable to the questions which confronted the trial judge at the outset of the proceedings below.

In counties having a population of 900,000 or more, every court commissioner shall have the power, when ordered by the court appointing him so to do, to hear, report on and determine all uncontested actions and proceedings other than actions for divorce, maintenance, or annulment of marriage. (Code Civ. Proc., § 259a.) Los Angeles County, at all times here material, had a population in excess of 900,000 (Gov. Code, § 28020) and, therefore, a court commissioner of the respondent court had the additional duties and possessed the additional power imposed upon and vested in him by the provisions of section 259a, Code of Civil Procedure. Where a valid stipulation for the entry of a judgment in a cause of action has been entered into between the adverse parties, the action is no longer a contest and becomes an uncontested action. The action below, upon the filing of the stipulation for judgment, became an uncontested action within the meaning of subdivision 6 of section 259a of the Code of Civil Procedure.

The petition shows that the procedure used by the respondent court for some years prior to January 18, 1965, was to refer matters based upon a stipulation for judgment to a commissioner for him to hear and determine and to sign the judgment. This procedure was known to and authorized by the presiding judge, and the clerks of the department of the presiding judge have instructions that when any matter, based upon a stipulation for judgment is brought in, such matter shall be presented to a court commissioner for his signature upon the judgment. The assignment of the action to Commissioner Aisenson, under these circumstances, was tantamount to an order of the court appointing him to hear, report on and determine the action within the purview of section 259a, Code of Civil Procedure. Furthermore, all presumptions or intendments are in favor of the validity of judgments of courts of general jurisdiction and the regularity of the proceedings on which they are based, in the

absence of record evidence to the contrary. (*City of Los Angeles* v. *Knapp,* 7 Cal.2d 168, 172-173 [60 P.2d 127]; *Estate of Kent,* 6 Cal.2d 154, 163 [57 P.2d 901]; *Jones* v. *Wilton,* 42 Cal.App.2d 45, 48 [108 P.2d 25]; *Oil Workers Intl. Union* v. *Superior Court,* 103 Cal.App.2d 512, 528 [230 P.2d 71]; *In re Bell,* 19 Cal.2d 488, 500 [122 P.2d 22].) There is no record evidence here to suggest that Commissioner Aisenson lacked the power or authority to sign the judgment and the judgment complying in all respects with the terms of the stipulation for its entry was a valid judgment.

▮ It is well established that the affidavit by which a contempt proceeding is instituted, in order to sufficiently support an adjudication of contempt, must state facts constituting the offense, otherwise the court is without jurisdiction, and the facts essential to establish jurisdiction are (1) the making of the order, (2) knowledge of the order, (3) ability of the respondent to render compliance, and (4) willful disobedience of the order. (*Warner* v. *Superior Court,* 126 Cal. App.2d 821, 824 [273 P.2d 89]; *In re Ny,* 201 Cal.App.2d 728, 731 [20 Cal.Rptr. 114].) The affidavit in the case at bench meets the foregoing requirements.

▮ Whether Stein had knowledge of the contents of the judgment which he is charged with violating is a question of fact and the trial judge is obligated to receive competent evidence bearing upon this issue, weigh such evidence and render his decision based thereon. It appears from the reporter's transcript that the trial judge felt that it was essential to his jurisdiction to proceed with the hearing, that the record show that Stein was personally served with a copy of the judgment. The law does not require that a party subject to an order of the court must be personally served with a copy of that order before he may be held in contempt of it. All that the law requires is that he had knowledge of it. Proof of service of the order upon defendant's attorney is sufficient to raise the disputable presumption that the attorney had performed his duty and communicated his knowledge of the order to his client. (*In re Sigesmund,* 193 Cal.App.2d 219, 223-224 [14 Cal.Rptr. 221]; see also *Freeman* v. *Superior Court,* 44 Cal.2d 533, 537-538 [282 P.2d 857].)

Let the peremptory writ issue.

Ford, J., and Kaus, J., concurred.