[Civ. No. 31850. Second Dist., Div. Five. Aug. 7, 1967.]

MARY ELIZABETH SAIDI-TABATABAI, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

Samuel B. Picone for Petitioner.

No appearance for Respondent.

Evelle J. Younger, District Attorney, Harry Wood, Robert J. Lord and Donald J. Kaplan, Deputy District Attorneys, for Real Party in Interest.

McCOY, J. pro tem.*—Petitioner seeks a writ of mandate to compel respondent court to exercise its jurisdiction to hear her motion to suppress certain evidence.

Following a preliminary hearing, at which the evidence in question was admitted, petitioner was held to answer and an information has been filed charging her with first degree murder. Trial was set for May 8, 1967. On or about April 18, 1967, petitioner filed a motion to suppress two statements taken from her by the police, allegedly in violation of the *Miranda* rule, and evidence received from one Edward Eisen which it was contended was obtained by use of petitioner's said statements. On April 27, 1967, the court denied the motion to suppress and dismissed the proceedings on the motion. Petitioner alleges that respondent court ruled that it had no jurisdiction to hear the motion. The trial has been continued until the disposition of this proceeding.

An alternative writ was issued by this court. No answer or return has been filed by respondent court. However, an answer and return was filed by the district attorney for the People of the State of California, as real party in interest. In this return it is alleged that petitioner is not entitled to the relief requested herein "for the reason that the respondent Superior Court had no power to grant it." No authorities or judicial interpretations are cited for this position. It is also alleged that petitioner is not entitled to any of the relief sought because at the hearing in the trial court on her motion she produced no competent evidence in support thereof.

The initial question is whether respondent court, in fact, refused to exercise jurisdiction, or whether it assumed jurisdiction and its ruling, right or wrong, was made in the exercise thereof.

Petitioner's motion was supported by her declaration and that of her attorney. At a hearing held on April 26 the court heard testimony from three witnesses on behalf of petitioner and received certain documents in evidence. The People filed no counteraffidavits but. rather, at the commencement of the proceedings made the objection that "this procedure is not proper procedure to take at this time. I think the trial court is concerned with the questions of admissibility of evidence; that a motion to suppress any evidence. any rulings, should be determined by the trial court. I think that this is not a proper motion to bring before this Court." After some discussion the court told petitioner that "you may proceed at this time with

---

*Assigned by the Chairman of the Judicial Council.

your motion. I think then this would have to remain for the trial judge to make any further rulings, depending on all matters that are presented.''

Petitioner's counsel sought a stipulation that the declaration of petitioner and that of himself be considered their direct testimony. The deputy district attorney agreed as to the declaration of petitioner, subject to the right of cross-examination, but refused to so stipulate as to the attorney's declaration upon the ground that his declaration contained nothing but hearsay. Petitioner's counsel then requested that he be permitted to testify and the court ruled that he could ''present any witnesses you wish.'' The declaration of petitioner's attorney, intended to show that petitioner had not been advised of her constitutional rights, and more particularly that she had not made a knowing and willful waiver thereof, consisted principally of quotations from various documents and reports he had received from the West Covina Police Department, such as the official crime report and detective bureau supplemental reports which, in turn, contained statements taken from various witnesses. The testimony of petitioner's counsel consisted solely of his reading verbatim from his declaration. Upon objection, certain portions were eliminated and the witness was cross-examined. Two other witnesses (Officer Miller, the police officer in charge of the investigation, and Judy Lee Baird, a clerk-stenographer for the West Covina Police Department) were produced on behalf of petitioner and questioned concerning certain police reports and documents upon which petitioner relied as showing that she did not waive her constitutional rights. Some of the reports and documents were received in evidence. Throughout, the People objected upon the ground that not only were declarant's statements hearsay, but that the documents were themselves hearsay and that petitioner must present direct evidence, with an opportunity to cross-examine the witnesses who made the statements and reports.

When the hearing resumed on the morning of April 27, the judge expressed concern as to the manner of the proceeding in this matter. He made reference to the new Evidence Code, and to the fact that when the question of admissibility of a confession is raised in the trial court the burden is on the district attorney to present evidence. He therefore expressed doubt as to whether the pretrial motion could be heard on affidavits, as to who has the burden of proof, and whether his ruling would be res judicata. He said he thought there may be a distinction

"between the two matters of return of illegally seized evidence and the matter of confessions"; that he would favor the adoption of a similar procedure with regard to confessions or admissions, but that there was no authority in California for it at the present time. After lengthy colloquy between the judge and counsel for both parties, the court stated: "*At this time I am going to deny the motion of the defendant to suppress evidence and dismiss these proceedings.* I would state this, that I think some procedures ought to be adopted by the Legislature or the courts for the purpose of making these determinations prior to the actual trial itself. I am not convinced at this point that such proceedings do exist. I would state that this ruling is made certainly without any prejudice to the defendant to raise these issues in front of any trial court, whichever trial court handles this particular matter. . . . If this Court is wrong and procedures can be outlined for the hearing of these matters by way of a motion to suppress evidence, I would be perhaps even favorable to this. My second question arises, however. I am really questioning whether this can be done by way of affidavits or whether we should have all witnesses testify in view of the nature of the matter being presented to the Court." (Italics added.) Petitioner's counsel pointed out that he was not relying solely on affidavits, that oral testimony and documentary evidence had been received, and that he wanted the "record to be clear upon what your Honor is basing the motion for dismissal, because it becomes important. Your Honor has heard the testimony." The court stated: "I think it's clear that I am making this ruling on the basis that I don't think at this point the law provides for the procedures of suppression of evidence, suppression of evidence on a motion to suppress evidence that we have adopted here." The following colloquy then took place: "MR. NORMAN [deputy district attorney]: Your Honor is not ruling at this time, is he, that the Court does not have the jurisdiction but simply does not wish to exercise its discretion to hold a hearing at this time?

"MR. PICONE [petitioner's attorney]: Well now, just a moment, that's a leading and suggestive question. Let the Court declare exactly on what basis he is denying my motion to suppress because this, your Honor knows, is going to become very important.

"THE COURT: It ought to be clear so far as each of you is concerned.

"MR. PICONE: Please, your Honor, for both of our sakes, sir, and for the sake of future law and procedure.

"THE COURT: Your question is: Do I feel I have the discretion to handle this motion at this time?

"MR. NORMAN: Yes, sir, your Honor, in my arguments I mean I was not implying the Court did not have jurisdiction to hear the matter at this time. It was that I felt that the Court's discretion should be exercised and in such a way that the matter should be heard before the trial court, . . . *I feel that the Court has the jurisdiction, but I don't feel that it's the proper exercise of its discretion.*

"MR. PICONE: Your Honor cannot be exercising, respectfully, its discretion because I haven't rested. Your Honor doesn't know what other evidence I have. The People have not. So, therefore, you are in effect saying I don't have the right to this motion at this time, as I interpret your Honor's ruling.

"THE COURT: *This is what I am saying. . . . I think the record should be clear that I am deciding that you do not have the right to this motion at this time.* Therefore, in the event that I am wrong . . . I would think that you should have adequate time to take this up to the District Court of Appeals. I think, furthermore, the issue ought to be decided whether this can be heard by way of affidavit or would require direct testimony of all witnesses. You see, what I'm worried about is the procedure we're involved in. . . . I think, too, that there is an issue of whether the ruling of the Court would be res judicata or not. If it is, it certainly makes a difference as to how it should be handled and who has the burden of proof on this particular issue on which there seems to be some dispute between counsel. *I will make the ruling, and it's based on the fact that I don't think the Court has jurisdiction to hear this motion at this time under the present procedures as I understand them.*" (Italics added.)

From the record it is clear that the court originally assumed jurisdiction, considered the declarations and heard testimony. but mid-hearing decided he had no power to proceed. ■ "A court has jurisdiction to determine its own jurisdiction. for a basic issue in any case before a tribunal is its power to act, and it must have authority to decide that question in the first instance." (*Rescue Army* v. *Municipal Court,* 28 Cal.2d 460, 464 [171 P.2d 8].) This is not a situation where jurisdiction depended upon the sufficiency of certain facts, and the evidence received was not pertinent to that question. Nevertheless, before completing the hearing the court decided, as a matter of law, that petitioner had "no

right to the motion at this time," that the court "lacked jurisdiction to hear the motion at this time under the present procedures as I understand them," and there was no determination upon the merits. ■ "It is well settled that a dismissal of a proceeding or a denial of relief on the sole ground of lack of jurisdiction is not a decision on the merits." (*Robinson* v. *Superior Court*, 35 Cal.2d 379, 384 [218 P.2d 10].)

If the petitioner had no right to maintain the motion, that is one thing; but, if the court refused to proceed simply because there is no established procedure, statutory or otherwise, that is quite another. As stated in 1 Witkin, California Procedure (1954), Jurisdiction, section 163, pages 430-431: "Constitutional appellate jurisdiction (and, presumably, any constitutionally granted jurisdiction) must be exercised even though no procedure has been provided therefor. The court must make the jurisdictional grant effective by adoption of an appropriate rule of practice. (*People* v. *Jordan* (1884) 65 Cal. 644, 646 [4 P. 683].)'' (See also, Code Civ. Proc., § 187, under which a court having jurisdiction has the power to adopt any suitable mode of procedure to carry that jurisdiction into effect.) ■ "The law is well settled that a trial court is under a duty to hear and determine the merits of all matters properly before it which are within its jurisdiction and that mandate may be used to compel the performance of this duty. This is so even where the trial court's refusal to pass on the merits is based on the considered but erroneous belief that it has no jurisdiction as a matter of law to grant the relief requested." (*Robinson* v. *Superior Court, supra,* 35 Cal.2d 379, 383; see also, *People* v. *Superior Court*, 239 Cal. App.2d 99, 102-103 [48 Cal.Rptr. 455]; *Schaefer* v. *Superior Court*, 113 Cal.App.2d 428, 438-439 [248 P.2d 450]; *Turesky* v. *Superior Court*, 97 Cal.App.2d 838 [218 P.2d 784]; *Gering* v. *Superior Court*, 37 Cal.2d 29 [230 P.2d 356]; *In re Brumback*, 46 Cal.2d 810 [299 P.2d 217].)

Since a court may be required to determine on its merits a matter which is properly before it, the question is whether petitioner has a right to a pretrial motion to suppress statements allegedly taken in violation of constitutional rights.

It is well settled that a pretrial motion lies to suppress evidence obtained by illegal search and seizure even in the absence of statutory authority. "A motion to suppress evidence is a means provided by our practice for determining the question of admissibility of evidence in advance of the time it

would ordinarily be offered. It is no more than an orderly means of preliminarily disposing of evidentiary issues which otherwise would be determined by motions, objections and rulings later during the trial. An order suppressing evidence, at least insofar as we are here concerned, is the equivalent of an order sustaining an objection to the same evidence, and is subject to the same procedural rules. These rules allow the trial court to reconsider, modify or set aside its order at any time prior to submission of the cause. (Code Civ. Proc., § 128, subd. 8.)'' (*People* v. *Beasley,* 250 Cal.App.2d 71, 77 [3,4] [58 Cal.Rptr. 485].)

As stated in Witkin, California Evidence (1966), section 60, page 63: ''Pursuant to the court's declared intention in the *Cahan* case (to develop workable rules of procedure), the federal practice of a pretrial motion to suppress the evidence was held proper, though not mandatory.'' (See *People* v. *Berger,* 44 Cal.2d 459, 463 [282 P.2d 509]; *People* v. *Justice Court,* 185 Cal.App.2d 256, 258 [8 Cal.Rptr. 176]; *People* v. *Gershenhorn,* 225 Cal.App.2d 122, 124 [37 Cal.Rptr. 176].) There is no express statutory authority for the motion. Penal Code, section 1540, provides that if property is seized under a void warrant, or if it is not the property described in the warrant, ''the magistrate must cause it to be restored to the person from whom it was taken.'' An order for return, based on a finding of unlawful seizure, would have the same effect as a direct order for suppression. (See *People* v. *Gershenhorn, supra,* 225 Cal.App.2d at 125, fn. 2.)

In *Gershenhorn* v. *Superior Court,* 227 Cal.App.2d 361 [38 Cal.Rptr. 576], it was held that the same remedies must be afforded one whose property was illegally seized although no warrant was involved. The court in the first *Gershenhorn* case (225 Cal.App.2d at p. 124) sets forth the statutory and the ''workable rules of procedure'' developed by the court with regard to illegally seized evidence: ''A person whose property has been seized unlawfully by a law enforcement agency is afforded a variety of remedies, one or more of which he may pursue, depending on the specific result he desires and his counsel's decision as to tactics and strategy:

''(1) He may move, before trial, to suppress the evidence as was done here. If that motion be denied, or even if no such motion had been made, he may object to the introduction of the evidence either at the preliminary examination or at the trial. If objection is made and overruled at the preliminary examination, he may review that action by a motion made

under section 995 of the Penal Code. If unsuccessful there, he may seek relief in this court by way of a writ of prohibition. (Pen. Code, § 999a.) If still unsuccessful, he may renew his objection at the trial and, if then overruled, may raise the point on appeal from a judgment of conviction, if that should result.''

There is no California case in which these rules have been applied to confessions or statements allegedly procured in violation of constitutional rights.[1] The Evidence Code (§§ 402, 405) sets forth the rules and procedures by which these matters are to be dealt with when presented for the first time at the trial, but it would not appear that such provisions foreclose a pretrial motion. In *People* v. *Berger, supra,* 44 Cal.2d 459, the Attorney General contended that if illegally seized evidence was to be excluded, the defendant should be required to present his objections in advance of trial by a motion to suppress. The court. in ruling that a pretrial motion to suppress illegally seized evidence was not mandatory, said: (p. 464) ''Ordinarily preliminary questions of fact that govern the admissibility of evidence are determined by the trial court when objection is made to the introduction of the evidence at the trial, and the experience of the federal courts indicates that there are no compelling reasons why an exception to the general rule should be made in the case of illegally obtained evidence. [Citations.] The issues involved will ordinarily be no more time consuming or complicated than those presented to the trial court *when it must rule, for example, on the admissibility of confessions,* business records, or evidence claimed to be privileged, or on the qualifications of expert or other witnesses. On the other hand, a requirement that a preliminary motion be made to suppress the evidence would inevitably result in delaying the criminal trial while the motion was being noticed, calendared, heard, argued, and determined.'' (Italics added.)

There are federal cases in which the motion to suppress[2]

---

[1] In *People* v. *Schader,* 62 Cal.2d 716 [44 Cal.Rptr. 193, 401 P.2d 665], the court declared that the procedure for determining an *Escobedo-Dorado* challenge at trial should be the same as that for determining voluntariness of a confession.

[2] It may be significant to point out that when the United States Supreme Court announced the rule excluding illegally obtained evidence, federal procedure *required* a motion to suppress in advance of trial. Later the federal courts modified the requirements by allowing the motion to be made for the first time at trial. (See *People* v. *Berger, supra,* p. 463.) Rule 41(e), Federal Rules of Criminal Procedure, provides that ''The motion shall be made before the trial or hearing unless opportunity there-

has been extended to a confession obtained in violation of the constitutional right against self-incrimination. In *In re Fried* (2d Cir. 1947) 161 F.2d 453 [1 A.L.R.2d 996], the district judge refused to consider any evidence and dismissed the petition on the ground that the court lacked all power before indictment, to suppress the confessions, no matter how illegally obtained. The circuit court reversed and remanded to the district court to pass on the merits of the petition. In *Austin* v. *United States* (4th Cir. 1961) 297 F.2d 356, the court expressed the view that there should be no difference between evidence seized in violation of the Fourth Amendment and that obtained contrary to the self-incrimination provision of the Fifth with respect to the right to bring a motion to suppress; that, whether the motion be one under rule 41(e) or an ''independent equity proceeding,'' it was proper and the court should grant a hearing if it is claimed that evidence was taken in violation of either the Fourth or Fifth Amendment, ''unless his allegations clearly show that, even if true, he would be entitled to no relief. . . .'' In *United States* v. *Carabasi* (E.D.Penn. 1963) 218 F.Supp. 147, the motion to suppress was made after the filing of an information and prior to trial, the prosecution contending that the motion was premature. In holding that the defendant was entitled to a hearing on his motion, the court states that ''Constitutional rights are never subordinated to an astringent application of the rules of procedure.''

*United States* v. *Skeeters* (S.D.Cal. 1954) 122 F.Supp. 52, involved a motion pursuant to rule 41 to suppress evidence and have returned to defendant a certain statement signed by him while in custody, upon the grounds that at the time the statement was given the defendant was being illegally detained and the circumstances of taking the statement amounted to coercion. While the prosecution did not challenge the power of the court to grant the relief requested, it was contended that the matter should have been made the basis of an objection at the trial and not the basis of a pretrial motion. In rejecting this contention, the court stated (pp. 58-59) : ''To interrupt a criminal trial to give the matter the amount of time necessary to an effective study of the facts and law involved, would be contrary to every precept of the requirements of the speedy and economical administration of justice.

for did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing.''

This Court has found it necessary to devote several days to the study of this problem. To hold a jury in abeyance during mid-trial for such a length of time is not efficient. Furthermore, it would seem to be within the distinct interest of the prosecution to have determined, prior to trial, whether or not such an *obviously important item of evidence as a confession is going to be admitted in evidence or not*. The determination of such a matter prior to trial has this Court's unqualified approval. To wait until trial to make such a motion, is to waive the right to make it unless it be shown there were special circumstances. [Citing and quoting from rule 41 (e)]." It will be noted that the thinking of this court (aside from the application of rule 41(e)) differs from that of the California Supreme Court expressed in *People* v. *Berger*, *supra*.

Federal rules of procedure are, of course, not binding on our state courts, but a reading of the above cases will disclose the reasoning of the various courts in adopting the rule. (See also 5 Stan.L.Rev. 529, which discusses the problem and sets forth arguments both for and against the pretrial suppression of such evidence.)

It appears to us that, in the absence of statutory prohibition or limitation, the trial court has jurisdiction to entertain the motion. This does not mean that it was bound to exercise that jurisdiction. Whether or not to entertain a motion such as the one under consideration before the commencement of the trial should be a matter within the sound discretion of the trial court and we would not presume to indicate which way that discretion should be exercised in the present case. Here, as in all other cases, many factors are present—some unknown to us—which the trial court may legitimately take into consideration.

In view of the fact that any ruling on the admissibility of an admission or confession made at such a motion is not binding on the court if the People again offer the evidence at the trial (*People* v. *Beasley,* 250 Cal.App.2d 71 [58 Cal. Rptr. 485]) it is perhaps a rare case where a trial court would conclude that it would be in the interest of an orderly procedure to exercise its discretion in favor of a pretrial motion. Yet, we see no reason why a holding that it does not even have jurisdiction to do so, should deprive it of what may on occasion be a valuable tool in the efficient administration of justice.

Since the greater includes the lesser, it is clear that another

alternative available to the trial court is to refuse to hear the motion in advance of the trial date, but to entertain it at the outset of the trial, before the jury is empaneled.

The peremptory writ of mandate is granted, with directions to the respondent court to exercise its discretion in the premises in conformity with the views expressed in this opinion.

Kaus, P. J., and Stephens, J., concurred.