[Civ. No. 8230. First Appellate District, Division Two.—January 29, 1932.]

WILLIAM J. BOWMAN, Respondent, v. EVELYN CARROLL, Appellant.

310

Guy Eddie for Appellant.

Porter & Sutton for Respondent.

TUTTLE, J., *pro tem.*—This is an action to establish a partnership in certain real estate transactions, and to secure an accounting. The court found the parties to be partners, and gave judgment against defendant in the sum of $10,-471.62, with interest. The appeal is taken from the judgment and two questions are presented—the insufficiency of the evidence and the allowance of interest upon the judgment from the date the complaint was filed.

The evidence shows that the first partnership contemplated by these parties was of a matrimonial character. The chief obstacle to its consummation was the fact that plaintiff was a married man. It was during the time they were "engaged" that their business partnership was formed. The court found that they agreed to buy and sell real property, each contributing one-half of the purchase price and receiving one-half of the profits. Title was to be taken in the name of defendant. These findings are unassailed. It appears, however, that defendant sold four out of five of the parcels purchased, and pocketed all the proceeds. This action followed. The trial court found plaintiff's share of the net proceeds to be $10,471.62, and gave him judgment for that

amount, with interest from the date the complaint was filed, to wit, January 29, 1924. He was also given an undivided one-half interest in one parcel which remained unsold, subject to a lien in favor of defendant, in the sum of $4,929 (one-half of defendant's net investment therein).

The court found that the net proceeds received by defendant from the sale of four parcels of realty was $21,886.32. From this amount the court deducted the amount invested by plaintiff, $3,316, and the amount invested by defendant, $4,259.08, leaving the net profit of $14,311.24. Plaintiff is given judgment for one-half of this, or $7,155.62, plus the total amount of his investment. It is now contended by appellant that she invested $943 more than plaintiff, and never received credit for that amount. There is no merit in this contention. By the judgment defendant was permitted to retain one-half of the net profits, $7,155.62, together with the amount of her investment, $4,259.08. She was thus given credit for her total investment.

The next contention of appellant is that the evidence is insufficient to support the judgment. The transcript of the trial takes up some 430 pages, while the exhibits consume an additional 100 pages. It appears that the parties agreed that defendant would keep all the books. As a consequence plaintiff's case is made up largely of oral testimony regarding each transaction, supplemented by such records as were produced by defendant. The finding as to the agreement is not questioned, the entire attack being centered upon the evidence relating to the cost of each parcel, the amount invested by each, and other items going to make up the account. The parties to this appeal seem to labor under the impression that this is a trial *de novo*. The entire presentation of this phase of the appeal is based upon an improper and mistaken idea as to the functions, powers and duties of an appellate tribunal. It is only in cases where there is no evidence to sustain a finding or where it can be said, as a matter of law, that the evidence is insufficient to sustain it that this court has jurisdiction to consider the evidence. (*Thom* v. *Stewart*, 162 Cal. 413 [122 Pac. 1069, 1073].) "It is a matter of surprise," observes the court in that case, "that this rule is not more fully appreciated." Appellant makes no serious contention that there is no evidence in the instant case to sustain the findings.

Her criticism is directed toward the weight and character of such evidence. Typical of her attack is the following passage from her brief: "As a matter of logic, it would appear that appellant's testimony, direct and straightforward, and business-like, taken from records and notations actually made at the time the transactions were entered into, is more reliable and accurate than respondent's memory—especially, in view of the careless and loose manner in which he took care of things." Again her counsel states, "It is merely a question of which side of the story is borne out by a *preponderance of the evidence.*" In another place counsel states, that "respondent's testimony in regard to the payments on this lot, is as the court can see, extremely vague and uncertain". We also find respondent observing that "these checks and book entries, supplementing as they do plaintiff's testimony on the subject, clearly cause the evidence to *preponderate* in his favor".

It is plainly seen that all the considerations argued here by appellant respecting the evidence in the case were proper to be addressed to the trial court, whose exclusive province is to determine the credibility of the witnesses and the weight and effect to be given to the evidence. In the excerpts from the testimony quoted by appellant, it would appear that there is *some* evidence which gives the findings support, though its weight and character does not meet with her approval. We cannot say, as a matter of law, that it is insufficient. Appeals prosecuted under such circumstances are a mere futility, and it is small wonder that our Supreme Court expressed surprise that counsel persist in ignoring the familiar rule we have quoted above.

Finally, it is contended that the court erred in allowing interest from the date of the filing of the complaint, and refusing to allow appellant interest upon the amount allowed her as a lien upon the parcel not sold. The general rule regarding interest upon partnership accounts is stated in 47 Corpus Juris, page 1182, section 876, to be as follows: "Ordinarily interest is not allowed on unascertained balances remaining in one partner's hands after dissolution of the firm. But where the circumstances are such as equitably demand payment of interest, it will be allowed from the time when the partnership accounts should have been settled, as

where one partner has retained the money an unreasonable time, or where he is wrongfully withholding it.''

These properties were in defendant's name, and she sold them and kept the entire proceeds, denying the partnership and all liability. Respondent was forced into two trials in the superior court, and two appeals, and more than six years have elapsed since the complaint was filed. In the books which appellant kept, where she referred to one parcel, the words ''W. J. Bowman (respondent herein) owns one-half interest'' were stricken out. An entry in respect to another parcel was similarly ''corrected'' by appellant. The allowance of interest as made by the court was equitable, just and proper under such circumstances. As to the failure to allow appellant interest upon her lien imposed upon the parcel not sold, the evidence shows that she received the rents and profits therefrom, and always has done so. The court properly denied the interest upon this amount awarded to appellant.

Judgment affirmed.

Nourse, P. J., and Sturtevant, J., concurred.