[Civ. No. 9393. First Appellate District, Division Two.—February 13, 1935.]

ANNIE WAEN, Respondent, v. OHIO FARMERS INSURANCE COMPANY (a Corporation) et al., Appellants.

Young & Young and William K. Young for Appellants.

514

Vincent W. Hallinan and Emmett R. Burns for Respondent.

SPENCE, J.—Plaintiff herein had judgment against Mrs. Dora Lewis for the sum of $2,000 in an action brought to recover damages for personal injuries sustained in an automobile accident. Said judgment became final and after execution had been returned unsatisfied, plaintiff brought this action against Mrs. Lewis' insurance carriers claiming the right to judgment against them under the provisions of Statutes of 1919, chapter 367. Upon a trial by the court sitting without a jury, plaintiff had judgment against defendants Ohio Farmers Insurance Company, a corporation, and Ohio Farmers Indemnity Company, a corporation, from which judgment said defendants appeal.

Appellants state that there are two questions involved on this appeal. The first of these questions as presented by appellants is, ''Can a judgment against an insurance carrier be sustained for a loss against which the insurance carrier did not indemnify?'' This point arises by virtue of the fact that the two appellants issued what is frequently termed a combination policy and the trial court gave judgment herein against both appellants. The point is urged solely on behalf of appellant Ohio Farmers Insurance Company. It is contended by said appellant that the findings of the trial court to the effect that both appellants agreed to indemnify the assured against the loss sustained by reason of the assured's liability to respondent is not sustained by the evidence and is directly contrary to the evidence so far as said appellant is concerned. In our opinion this contention must be sustained.

While the policies were embodied in one instrument, the portions thereof relating to the respective liabilities assumed by each of the two insurers were kept separate and distinct. We find no ambiguity whatever in the policy. The schedule of coverage by the Ohio Farmers Insurance Company is headed ''Loss of or damage to the automobile 1. Insured by Ohio Farmers Insurance Company.'' The schedule of coverage by the Ohio Farmers Indemnity Company is headed, ''Loss or damage by the automobile 1. Insured by Ohio Farmers Indemnity Company.'' It will be noted that one company insured against ''loss of or damage *to* the auto-

mobile'' while the other insured against ''loss or damage *by* the automobile''. Each of said schedules sets forth the nature of the insurance covered by the insurance company named therein, together with the rates, limits and premium charges. The assured was covered for ''public liability'' by the Ohio Farmers Indemnity Company only, and not by the Ohio Farmers Insurance Company. While the warranties of the assured as to both insurers are set forth in but one place, the remaining provisions relating to each of the insurers are separately stated and separately executed by said insurers. In the portion relating to and executed by appellant Ohio Farmers Insurance Company, we find the following: ''This policy is, in all respects, separate and distinct from any other policy to which it may be attached, or which may be issued concurrently herewith on the same automobile, and all risks assumed hereunder are several and not joint.'' We therefore conclude that the above-mentioned findings are not sustained by the evidence so far as appellant Ohio Farmers Insurance Company is concerned and that the judgment against said appellant must be reversed.

■ The second question as presented by appellants is: ''Is an insurance carrier liable upon a judgment obtained by a third person against the assured where by the terms of the policy the same was void because of the fraud of the assured?'' In this connection appellants point to the provisions of the above-mentioned statute where it is provided that an action ''may be brought against the company, on the policy and *subject to its terms and limitations.*'' (Italics ours.) They then call attention to one of the terms of the policy which provides, ''this entire policy shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or in case of any fraud, attempted fraud, or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss.'' Appellants raised the issue of fraud by their answer and the trial court found against appellants on this issue. According to the allegations of the answer, said alleged fraud on the part of the assured consisted of giving appellants, on the day following the accident, a false and fraudulent written statement concerning the manner of the happening of the accident. It is now contended that the trial court erred in finding that the assured gave no such

written statement "for the reason that the evidence preponderately shows" that the assured did give such statement. We find no merit in this contention. The assured testified that she gave no such statement and the only document produced by appellants was a typewritten statement with the assured's name typed at the end thereof. It was claimed by appellants that this was a copy of a written statement which had been signed by the assured, but the original was not produced. While there was a conflict in the evidence as to whether the assured gave such a statement, there was nevertheless ample evidence to sustain the trial court's findings that she did not. We may not, therefore, deal with the question of the preponderance of the evidence on this appeal.

In view of the conclusions that we have reached, it becomes unnecessary to discuss the remaining points raised by appellants.

The judgment against the defendant Ohio Farmers Insurance Company, a corporation, is reversed. The judgment against the defendant Ohio Farmers Indemnity Company, a corporation, is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.