[Civ. No. 9479. Second Appellate District, Division Two.—April 22, 1935.]

GORDON CRAIN, Respondent, v. SECURITY TITLE INSURANCE & GUARANTEE COMPANY (a Corporation), Appellant.

William H. B. Haymond, Kibbey & Cooper and W. Fenmore Cooper for Appellant.

Walter M. Campbell and Walter M. Campbell, Jr., for Respondent.

CRAIL, J.—This is an appeal by the defendant from a judgment in favor of the plaintiff for damages for the breach of a policy of title insurance whereby the plaintiff was insured against loss or damage not exceeding $18,000 which insured shall sustain by reason of title to the land being vested otherwise than as therein stated. The defendant says "We have no hesitancy in stating that our principal contention on this appeal, in view of the record, is the absolute failure to introduce evidence upon which the court could determine the proper amount of damages. . . . ''

The plaintiff was the owner of a note for $2,500 secured by a second trust deed against the property which was covered by the policy. He foreclosed the trust deed but found that there was a leasehold interest in the hands of a third party which was prior to his trust deed and which was not shown on the policy of insurance. The complaint alleged in paragraph 10 of count I and the answer admitted by failure to deny the same that "if the title thereto had been as shown by said policy, the interest thereon acquired under said foreclosure sale, over and above the lien of the first trust deed thereon would have been the sum of $5,500; that by reason of the superiority of the lease to the lien, the plaintiff's interest in said property was wholly destroyed, and was of no value whatever''.

Early in the introduction of testimony at the trial the attorney for the plaintiff said, "Many of the allegations are admitted. I am not purposing to go over that ground if I can avoid it, if the Court please.'' This plan was adhered to by plaintiff and no evidence was offered as to damages. However, by inadvertence or for some other reason the court made a finding that paragraph X of the complaint, in which paragraph said facts were set forth, was not true. Nevertheless the rule is that "A court in its findings should not deviate from facts which are admitted by the pleadings. . . . Findings contrary to such admissions are outside the issues.'' (24 Cal. Jur. 982, and numerous cases cited in notes 12 and 14.) Any contention on appeal that evidence is necessary as to the above admitted facts is without merit.

▆ The judgment of the trial court limited the loss sustained by the plaintiff to the value of the note and trust deed which were rendered valueless by reason of the prior encumbrance. ▆ The proper measure of damages, a breach of duty under the contract being shown, is the amount which would compensate for all detriment proximately caused thereby. (Sec. 3300, Civ. Code; *Mitchell* v. *California Pacific-Title Ins. Co.*, 79 Cal. App. 45 [248 Pac. 1035].) The defendant asserts that the damage suffered by plaintiff was the loss of possession of the premises ''between the date of the delivery of the deed to him . . . and that presently unknown date of delivery of a deed to another arising out of the sale under the first trust'', and that the proper measure of damages would be the value of such possession. This contention ignores the admitted fact that by reason of the plaintiff's inability to obtain such possession his interest in the property was valueless, whereas his interest including such possession would have been $5,500 or more than double the amount of the note. The damages which were allowed by the trial court were less than and included within the measure of damages contended for by the defendant. This question as to the measure of damages and as to lack of evidence thereof was not adequately presented by the defendant to the trial court, and we do not feel that the judgment of that court should be reversed on this contention.

▆ Appellant's second contention is as follows: '' . . . we are also very serious in our contention that so great a preponderance of evidence indicates facts entirely contrary to the ones found by the trial court that it may be said there it no conflict of evidence and that proper findings in this connection would completely absolve the appellant from liability''. It is the duty of this court upon appeal, however, not to concern itself with where the preponderance of evidence lies, and we find no merit in this contention.

Judgment affirmed.

Stephens, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 22, 1935.