[Civ. No. 16584.   Second Dist., Div. Two.   Apr. 8, 1949.]

WILLIAM C. BEALMEAR et al., Appellants, v. VIRGIL EARL SMITH, JR., et al., Respondents.

Elbert E. Hensley and P. T. Howe for Appellants.

Rowland H. Graham for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in an action to impress a constructive trust upon certain real property, plaintiffs appeal.

PLEADINGS: In the complaint plaintiffs allege that they conveyed a described parcel of real property to defendants upon defendants' oral promise to reconvey the property to plaintiffs upon demand; that plaintiffs had demanded the property be reconveyed to them but that defendants refused to do so and were threatening to sell the property.

EVIDENCE: At the trial defendant Virgil Smith testified that plaintiffs executed and delivered to him a deed covering the property in question wherein he and his codefendant were named as grantees, and that such deed was delivered to him as a Christmas present. Both defendants denied that they or either of them had ever made any agreement whereby they promised to reconvey the property to plaintiffs.

FINDINGS: The trial court found (a) that on the 19th day of November, 1945, plaintiffs "deeded the real property" here involved to defendants,[1] and (b) that it was not true that plaintiffs agreed to reconvey the property to defendants upon demand.[2]

CONTENTIONS OF PLAINTIFFS: First: *The preponderance of the evidence does not support the findings of the court.*

This proposition is not properly before this court and will not be considered since it is the established rule that courts of review will not pass upon the weight or preponderance of evidence, and where, as in the instant case, there is substantial evidence (see above) to support the findings, the review-

---

[1]Finding I read in part as follows: "It is true that on the 19th day of November, 1945 the plaintiffs, William C. Bealmear and Katherine C. Bealmear, deeded the real property described as (description of property) . . . to defendants, Virgil Earl Smith, Jr., and his wife, Rosella Smith."

[2]Finding II was as follows: "It is not true that shortly after the acquisition of title to said premises by plaintiffs the defendant Virgil Earl Smith, Jr. suggested to the plaintiffs that said property be deeded to himself and his wife for any reason. It was not the understanding or agreement between plaintiffs and defendants Smith that if said property was so deeded to them that in lieu of rent to plaintiffs defendants Smith would pay the monthly instalments of $50.00 on the encumbrances then upon said property, and amounting to $5,200, as said instalments matured, and the general taxes to become due on said property, and that at any time the plaintiffs desired to have the title to said property reconveyed to them that said defendants would reconvey the same to plaintiffs on demand and said defendants did not promise so to do. There were no understandings, agreements or promises to reconvey made by said defendants to said plaintiffs, either orally or in writing."

ing court will not look further into the evidence. (*Washko* v. *Stewart,* 20 Cal.App.2d 347, 348 [67 P.2d 144]; *Crain* v. *Security Title Ins. etc. Co.,* 6 Cal.App.2d 343, 345 [44 P.2d 632]; *Waen* v. *Ohio Farmers Ins. Co.,* 4 Cal.App.2d 513, 516 [41 P.2d 168]; *Bowman* v. *Carroll,* 120 Cal.App. 309, 311 [7 P.2d 734].)

In 1909, Mr. Presiding Justice Allen in *Berger* v. *Horlock,* 10 Cal.App. 352, at page 357 [101 P. 918] made this pertinent remark relative to the proposition here presented: "The supreme court, and this court in conformity therewith, has so repeatedly said that where the evidence is conflicting and there is any evidence tending to support the finding of the trial court the same will be sustained, that a time should arise when the bar will recognize the force and extent of this rule and cease to burden appellate courts with appeals involving only the right of the trial court to give such weight and effect to the evidence as, in its judgment, is proper under the circumstances of the case."

Second: *The court failed to find on the following material issues: (a) whether or not plaintiffs delivered the deed to defendants; (b) whether or not defendants agreed to reconvey upon demand; (c) whether or not there was a demand upon the part of plaintiffs to defendants to reconvey; (d) whether or not any consideration was given by defendants to plaintiffs for the deed; and (e) whether or not defendants had authority to sell the property without the consent of plaintiffs.*

This proposition is devoid of merit. ▊ The trial court made a finding relative to issue (a) when it found that plaintiffs "deeded the real property" in question to defendants. Such a finding was a finding of an ultimate fact which in popular acceptation signifies a transfer of title to real property by a deed. (*Dunham* v. *Marsh,* 52 N.J.Eq. 256 [30 A. 473, 474]; see, also, *Hitchcock* v. *Rooney,* 171 Cal. 285, 288 [152 P. 913].) Also the trial court found as to issue (b) when it found that "it was not the understanding or agreement between plaintiffs and defendants . . . that at any time the plaintiffs desired to have the said property reconveyed to them that said defendants would reconvey the same to plaintiffs on demand and said defendants did not promise so to do."

▊ In view of the trial court's findings on issues (a) and (b) that the property was conveyed to defendants as a gift and not subject to a trust agreement, issues (c), (d), and (e) became immaterial. ▊ If findings are made upon issues

which determine a cause, other issues become immaterial and a failure to find thereon does not constitute prejudicial error. (*Jones* v. *Wilton*, 42 Cal.App.2d 45, 48 [108 P.2d 25].)

The purported appeal from the order denying the motion for a new trial is dismissed.

Affirmed.

Moore, P. J., and Wilson, J., concurred.