Filed 5/6/22  KG Investment, LLC v. Chen CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

KG INVESTMENT, LLC,

     Plaintiff and Appellant,

v.

ANDY CHEN et al.,

     Defendants and Respondents.

E075951

(Super.Ct.No. CIVDS1725255)

OPINION

APPEAL from the Superior Court of San Bernardino County.  John M. Pacheco, Judge.  Affirmed.

Lew Law Firm and Bill W. Lew for Plaintiff and Appellant.

Tundis & Lester and Mark John Tundis for Defendants and Respondents.

1

In 2017, plaintiff and appellant KG Investment, LLC (plaintiff) discovered that one of its residential properties (the property) was used by a tenant to illicitly grow marijuana, causing damage to the property. As a result, plaintiff filed suit against the tenant,[1] as well as several real estate professionals and business entities. Plaintiff alleged: (1) its real estate agent and broker, defendant and respondent Andy Chen (defendant Chen), failed to properly screen the tenant's application to lease the property; (2) defendant Chen and his property management company, defendant and respondent Sunny Hills Property Management Group (SHPMG), failed to conduct an inspection of the property during the tenancy; and (3) defendant and respondent Chino Capital, Inc. d.b.a. Coldwell Banker Top Team was vicariously liable for the conduct of defendant Chen.[2] Based upon these allegations, plaintiff alleged causes of action for (1) breach of contract, (2) "concealment," (3) breach of fiduciary duty, and (4) professional negligence against these defendants.[3]

The parties tried the matter in a bench trial, and the trial court issued a judgment in defendants' favor. As relevant to this appeal, the trial court made findings of fact in its

---

[1] The tenant never appeared in the action and is not a party to this appeal.

[2] Plaintiff also named two individuals, Ramona Rodriguez Mendez and Diego Mendez, as vicariously liable defendants. However, these individuals were eventually dismissed prior to trial and are not parties to this appeal.

[3] While the titles for the causes of action for breach of contract, "concealment" and breach of fiduciary duty state such claims were only alleged against defendant Chen, plaintiff included a purported seventh cause of action for "vicarious liability" alleging

*[footnote continued on next page]*

statement of decision that (1) defendant Chen's actions were reasonable and met the applicable standard of care, and that (2) plaintiff failed to establish that any act or omission by defendant Chen was the proximate cause of damage to the property. On appeal, plaintiff argues: (1) the trial court erred because it "failed to adjudicate" the cause of action for breach of contract; (2) the trial court erred in finding that defendants acted reasonably with respect to management of the property; (3) the trial court erred in failing to award nominal damages; and (4) the trial court erred in failing to enforce a purported postdispute oral promise to pay for repairs made by defendant Chen.

We conclude that (1) the trial court's statement of decision was sufficient with respect to the breach of contract cause of action; (2) plaintiff has forfeited any claims of error with respect to the trial court's factual findings and that, even in the absence of forfeiture, the record does not disclose error or prejudice warranting reversal; (3) plaintiff forfeited the issue of nominal damages and that, even in the absence of forfeiture, the record does not disclose error warranting reversal; and (4) the trial court did not err in refusing to consider plaintiff's claim of a postdispute promise to pay where such claim was never pleaded and not properly placed at issue during the trial. As such, we affirm the judgment.

## II. PROCEDURAL HISTORY

According to the first amended complaint, plaintiff retained defendant Chen to assist with the leasing and management of the property. After the property was leased to

---

that the remaining realtor defendants were vicariously liable for defendant Chen's acts or omissions.

a tenant in February 2016, the tenant used the property to illicitly grow marijuana, causing damage to the property. Plaintiff alleged that defendant Chen was liable for this damage because he should have conducted a background check and credit check of the tenant; should have verified whether the tenant obtained renter's insurance; and failed to conduct interior inspections of the property during the course of the tenancy. Plaintiff also alleged that the remaining defendants were vicariously liable for defendant Chen's acts or omissions. Based upon these factual allegations, the first amended complaint purported to state causes of action for (1) breach of contract, (2) "concealment," (3) breach of fiduciary duty, and (4) professional negligence.

Following a court trial, the trial court issued a proposed statement of decision. The trial court's findings included the following: (1) defendants acted reasonably and did not breach the standard of care with respect to their involvement in the lease transaction between plaintiff and the tenant; (2) the standard of care did not require forcible entry onto the property to conduct an inspection under the circumstances; and (3) plaintiff failed to show that any act or omission by defendants was a proximate cause of injury to plaintiff.[4] Plaintiff objected to the proposed statement of decision; defendants filed a response to the objection; and the trial court held a hearing to permit oral argument on the

---

[4] The trial court also made findings that: (1) plaintiff was bound by the express disclosures in the lease listing and lease agreement, stating that defendant Chen "cannot verify representations made by others"; (2) the direct cause of any alleged damage to the property were the acts and omissions of the tenant; and (3) Ramona Rodriguez Mendez, Diego Mendez, and Chino Capital, Inc. d.b.a. Coldwell Banker Top Team were not vicariously liable for any act or omission of defendant Chen. However, these findings are not challenged on appeal.

4

objections. Ultimately, the trial court adopted its proposed statement of decision as the final statement and entered judgment in favor of defendants.

Plaintiff filed a notice of intent to move for a new trial on multiple grounds. However, the only argument presented in support of the motion was that plaintiff's counsel committed misconduct by failing to make a request to amend the first amended complaint to include a claim for relief based upon a purported postdispute oral promise by defendant Chen to help pay for repairs to the property. The trial court denied the motion. Plaintiff appeals from the judgment.[5]

## III. DISCUSSION

### A. *The Statement of Decision Was Sufficient To Resolve the Breach of Contract Claim*

Plaintiff's first argument on appeal is that the trial court's statement of decision "failed to adjudicate" the second cause of action for breach of contract. We disagree.

#### 1. General Legal Principles and Standard of Review

Generally, when properly requested by a party, the trial court has a duty to issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial. (Code Civ. Proc., § 632.) A trial court's failure to comply with its statutory obligation may result in a reversal of the judgment and a remand with directions to prepare a statement of decision if the failure to address a

---

[5] Plaintiff's notice of appeal also purports to appeal from a postjudgment order denying a new trial. However, an order denying a motion for new trial is not independently appealable (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 19), and plaintiff's opening brief has not identified any claims of error related to the order denying its motion for new trial.

5

material issue is prejudicial.  (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1116; *Wallis v. PHL Associates*, *Inc.* (2013) 220 Cal.App.4th 814, 827; *Espinoza v. Calva* (2008) 169 Cal.App.4th 1393, 1398.)

However, " ' "[a] trial court rendering a statement of decision under Code of Civil Procedure section 632 . . . is not required to make findings with regard to detailed evidentiary facts or to make minute findings as to individual items of evidence. . . .  A failure to find on an immaterial issue is not error.  [Citation.]  In issuing a statement of decision, the trial court need not address each question listed in a party's request." ' " (*Ribakoff v. City of Long Beach* (2018) 27 Cal.App.5th 150, 163.)  Instead, "[t]o comply with a request for a statement of decision, a court need only fairly disclose its determinations as to the ultimate facts and material issues in the case," and " 'the term "ultimate fact" generally refers to a core fact, such as an essential element of a claim.' " (*Metis Development LLC v. Bohacek* (2011) 200 Cal.App.4th 679, 689; *Almanor Lakeside Villas Owners Assn. v. Carson* (2016) 246 Cal.App.4th 761, 770 ["[I]t is sufficient that it set forth its ultimate findings, such as on an element of a claim or defense."].)

2. Application

Here, the trial court made an express finding that plaintiff failed to establish that the acts or omissions of defendant Chen were the proximate cause of any injury "whether it be the lease transaction or the property management of the . . . real property." Causation is an essential element of a cause of action for breach of contract.  (*Tribeca Companies*, *LLC v. First American Title Ins. Co.* (2015) 239 Cal.App.4th 1088, 1102-

6

1103 [An essential element of a breach of contract claim is "that a defendant's alleged misconduct was the cause in fact of the plaintiff's damage."]; *US Ecology*, *Inc. v. State of California* (2005) 129 Cal.App.4th 887, 909 [" 'Causation of damages in contract cases, as in tort cases, requires that the damages be proximately caused by the defendant's breach . . . .' "].) Thus, the trial court's express finding that plaintiff failed to establish proximate cause negated an essential element of plaintiff's claim for breach of contract.

Given the trial court's finding on the element of causation, the alleged failure to make findings on other issues would not render the statement of decision deficient. "If findings are made upon issues which determine a cause, other issues become immaterial and a failure to find thereon does not constitute prejudicial error." (*Bealmear v. Smith* (1949) 91 Cal.App.2d 179, 181-182; see *Division of Labor Law Enforcement v. Transpacific Transportation Co.* (1977) 69 Cal.App.3d 268, 278 [same]; see also *Pacesetter Homes*, *Inc. v. Brodkin* (1970) 5 Cal.App.3d 206, 214 [Where the findings made by the trial court are sufficient to "defeat appellant's claim," other issues become "immaterial" and "any error as to other findings is not prejudicial"].) Because the trial court's finding on the issue of causation negated an essential element of plaintiff's cause of action, such a finding alone was sufficient to support the judgment in favor of defendants.

On appeal, plaintiff suggests that the trial court could not have relied solely on a finding regarding proximate causation to dispose of the cause of action because it is possible to recover nominal damages for a breach of contract. However, plaintiff made no request for nominal damages at any time during the relevant trial court proceedings.

7

The first amended complaint makes no mention of nominal damages in the breach of contract allegations or the prayer for relief. Nor did plaintiff's trial brief, written closing argument, or objections to the proposed statement of decision request an award of nominal damages. "A statement of decision . . . covers only issues litigated in the case." (*Colony Ins. Co. v. Crusader Ins. Co.* (2010) 188 Cal.App.4th 743, 750.) Where the plaintiff sought only compensatory damages for breach of contract, the trial court's finding regarding proximate causation adequately resolved the theory of liability alleged by plaintiff. The statement of decision was not defective simply because it did not consider a form of relief that was never requested based upon a theory of liability that was never argued.

B. *Plaintiff Forfeited Any Claim That It Was Entitled To Nominal Damages and*, *Even Absent Forfeiture*, *the Failure To Award Nominal Damages Does Not Require Reversal*

Plaintiff also claims the trial court erred because it "should have awarded nominal damages" pursuant to its causes of action for breach of contract and breach of fiduciary duty. We conclude that plaintiff has forfeited the issue for failure to raise it in the trial court proceedings and further conclude that, even in the absence of forfeiture, plaintiff has not established error warranting reversal.

1. Plaintiff Forfeited the Issue of Nominal Damages

" ' "As a general rule, theories not raised in the trial court cannot be asserted for the first time on appeal; appealing parties must adhere to the theory (or theories) on which their cases were tried. This rule is based on fairness—it would be unfair, both to the trial court and the opposing litigants, to permit a change of theory on appeal."

8

[Citation.]' . . . 'Appellate courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider. . . . Bait and switch on appeal not only subjects the parties to avoidable expense, but also wreaks havoc on a judicial system too burdened to retry cases on theories that could have been raised earlier.' " (*Green v. Healthcare Services, Inc.* (2021) 68 Cal.App.5th 407, 418-419; see *Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 997.) "If a party fails to raise an issue or theory in the trial court, we may deem consideration of that issue or theory forfeited on appeal." (*Cabatit v. Sunnova Energy Corp.* (2020) 60 Cal.App.5th 317, 322.)

As we have already pointed out, plaintiff made no request for nominal damages at any time during the relevant trial court proceedings. The first amended complaint makes no mention of nominal damages in the breach of contract allegations or the prayer for relief. Nor did plaintiff's trial brief, written closing argument, or objections to the proposed statement of decision request an award of nominal damages. Even when moving for a new trial, plaintiff did not identify the absence of nominal damages as an error warranting a new trial. Thus, plaintiff has clearly forfeited any claim that the failure to award nominal damages constitutes error warranting reversal.

2. No Error Even in the Absence of Forfeiture

Additionally, even in the absence of forfeiture, we would find no error warranting reversal on this issue. First, plaintiff has not provided, and we are not aware of, any authority that suggests an award of nominal damages is appropriate for breach of fiduciary duty. "Recovery for damages based upon breach of fiduciary duty is controlled

9

by Civil Code section 3333, the traditional tort recovery" (*Michelson v. Hamada* (1994) 29 Cal.App.4th 1566, 1582), and it is a "fundamental proposition that damages are an essential element of a tort cause of action" (*Star Pacific Investments, Inc. v. Oro Hills Ranch*, *Inc.* (1981) 121 Cal.App.3d 447, 457; Civ. Code, § 3333 [The measure of damages "is the amount which will compensate for all the detriment proximately caused thereby . . . ."]). Thus, even in the absence of forfeiture, we find no merit in plaintiff's claim that the trial court should have awarded nominal damages pursuant to its breach of fiduciary duty cause of action.

Second, while nominal damages may be awarded for breach of contract, "the general rule is that the failure to award nominal damages is not alone ground for reversal of a judgment or for a new trial . . . ." (*Sweet v. Johnson* (1959) 169 Cal.App.2d 630, 633.) " '[W]here a judgment is erroneous only because it fails to give nominal damages it will not be reversed unless nominal damages in the given case would carry costs' " or " 'the object of the action is to determine some question of permanent right . . . .' " (*Ibid.*; see *Staples v. Hoefke* (1987) 189 Cal.App.3d 1397, 1406 ["[W]here there is no absolute entitlement to costs, the failure to award nominal damages is not reversible error."].)

Here, plaintiff asserted multiple causes of action against defendants.[6] Thus, even if plaintiff had prevailed on the single cause of action for breach of contract, that would

---

[6] On appeal, plaintiff has not challenged the entry of judgment on the cause of action for fraudulent concealment and has not challenged the trial court's determination that Ramona Rodriguez Mendez, Diego Mendez, and Chino Capital, Inc. d.b.a. Coldwell

*[footnote continued on next page]*

10

not necessarily entitle plaintiff to an award of costs.  Instead, any award of costs would have been subject to the trial court's discretion because defendants would still be considered prevailing parties with respect to the remaining causes of action.  (Code Civ. Proc., § 1032, subd. (a)(4).)  Where an award of costs is fully within the trial court's discretion, the failure to award nominal damages is not ground for reversal.  (*Sweet v. Johnson*, *supra*, 169 Cal.App.2d. at p. 633.)

Thus, we decline to reverse the judgment for any purported failure to award nominal damages.  Plaintiff forfeited the claim by failing to request an award of nominal damages in the trial court proceedings and, even in the absence of forfeiture, plaintiff has not shown error warranting reversal.

C.  *Plaintiff Has Not Shown Error or Prejudice Regarding the Trial Court's Finding on the Standard of Care*

Plaintiff also claims the trial court erred when it concluded that the applicable standard of care[7] did not require defendant Chen to forcibly enter the property to conduct

---

Banker Top Team were not vicariously liable for the acts or omissions of defendant Chen.  "An appellant abandons an issue by failing to raise it in the opening brief."  (*H.N. & Frances C. Berger Foundation v. City of Escondido* (2005) 127 Cal.App.4th 1, 15.)  Thus, at the very least, the judgment in favor of all defendants on the cause of action for fraudulent concealment and the judgment in favor of Chino Capital, Inc. d.b.a. Coldwell Banker Top Team would stand regardless of the merits of plaintiff's claims on appeal.

[7]  Plaintiff appears to suggest that this finding was directed to the breach of contract cause of action, arguing that a finding in its favor on this issue would establish that defendants "breached the oral and written agreement."  This position is entirely inconsistent with plaintiff's argument that the trial court "failed to adjudicate" the breach of contract action, since the trial court's adverse finding on the issue would have constituted a finding that defendants did not breach the alleged contract.  However, the

*[footnote continued on next page]*

an inspection without the tenant's permission. We conclude that this argument has been forfeited for failure to fairly summarize the evidence on this issue; and we further conclude that, even in the absence of forfeiture, plaintiff has failed to establish error or prejudice warranting reversal.

1. Relevant Evidence at Trial

K. H. testified that he is an owner and officer of plaintiff. Plaintiff owns the property and retained defendant Chen to assist with the leasing and management of the property. The agreement to manage the property was initially an oral agreement but was later reduced to writing. In 2016, K.H. executed a lease agreement to lease the property to a tenant. The lease agreement and property management agreement were both admitted into evidence. The lease agreement provided that the landlord could enter the property without notice to the tenant in case of an emergency.

F. T. testified that she worked for SHPMG as an assistant to defendant Chen. She sent e-mail correspondence to the tenant on August 2016, January 2017, and May 2017, requesting access to the property to conduct an inspection; but she did not receive any response. In addition to e-mail correspondence, she and another employee at SHPMG also attempted to contact the tenant by telephone on, at least, ten occasions in order to request an inspection.

---

trial court relied almost exclusively on expert testimony in making this finding, and plaintiff relies primarily on competing expert testimony in challenging this finding on appeal. Thus, when viewed in context, it appears that the finding actually addressed the standard of care relevant to plaintiff's causes of action for breach of fiduciary duty and professional negligence.

12

Eventually, F.T. posted a written notice on the property regarding the landlord's intent to enter and conduct an inspection. In response, she was contacted by a purported occupant of the property and arranged to meet that individual to conduct an inspection of the property. However, when she went to conduct the inspection, the individual would only let her inspect the exterior of the property, and physically pushed her out of the residence when she tried to enter through the front door. F.T. contacted law enforcement officers but was eventually informed they could not assist her in getting access to the property.

Both sides called expert witnesses to opine on the standard of care related to property management. Plaintiff's expert opined that defendants breached the standard of care by failing to conduct an interior inspection of the property and that the tenant's lack of responsiveness warranted forcible entry into the property to inspect its condition. Defendants' expert opined that the actions taken by defendants in this case to arrange for a voluntary inspection of the property were reasonable under the circumstances, and the standard of care did not require taking any additional steps to forcibly enter the property.

2. Standard of Review

" ' "The substantial evidence standard applies to both express and implied findings of fact made by the superior court in its statement of decision rendered after a nonjury trial." ' " (*Gomez v. Smith* (2020) 54 Cal.App.5th 1016, 1026-1027.) " ' "In a substantial evidence challenge to a judgment, the appellate court will 'consider all of the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference, and resolving conflicts in support of the [findings].' . . . We may not reweigh

13

the evidence and are bound by the trial court's credibility determinations. Moreover, findings of fact are liberally construed to support the judgment." ' " (*Ibid.*; see *Espinoza v. Hepta Run*, *Inc.* (2022) 74 Cal.App.5th 44, 52.)

Additionally, even if the trial court erred in making a finding, such error must be prejudicial to warrant reversal. (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 801-802 [" 'No form of civil trial error justifies reversal and retrial, . . . where in light of the entire record, there was no actual prejudice to the appealing party.' "]; Cal. Const., art. VI, § 13.) This includes any errors with respect to the trial court's findings in a statement of decision. (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1116 [error in making relevant findings subject to harmless error review].)

3. Plaintiff Has Forfeited Any Claim by Failing to Fairly Summarize the Record

" ' " 'A party who challenges the sufficiency of the evidence to support a particular finding must *summarize the evidence* on that point, *favorable and unfavorable*, and *show how and why it is insufficient*.' . . . '[W]hen an appellant urges the insufficiency of the evidence to support the findings it is his duty to set forth a fair and adequate statement of the evidence which is claimed to be insufficient. He cannot shift this burden onto respondent, nor is a reviewing court required to undertake an independent examination of the record when appellant has shirked his responsibility in this respect.' " ' " (*Ashby v. Ashby* (2021) 68 Cal.App.5th 491, 512.) When "an appellant fails to fulfill this duty[,] the claim is forfeited." (*Oak Valley Hospital Dist. v. State Dept. of Health Care Services* (2020) 53 Cal.App.5th 212, 237; see *Estes v. Eaton Corp.* (2020) 51 Cal.App.5th 636, 650-651 [" '[I]f one is going to make a "the-facts-

14

compel-that-I-win-as-a-matter-of-law" argument, one's brief must fairly state all the evidence.' "].)

Here, the trial court found the standard of care did not require defendants to take any additional steps to forcibly enter the property in order to conduct an inspection under the circumstances. In doing so, it expressly relied upon the testimony of defendants' expert. However, in arguing that the trial court erred in making this finding, plaintiff makes no effort to summarize the evidence unfavorable to it, referencing only the testimony of its own expert. Plaintiff's opening brief contains no summary and no discussion of the testimony of defendants' expert, either in the general statement of facts and procedural history or in the specific discussion related to the claim of insufficiency of the evidence.[8] In making a claim of insufficiency of the evidence, it was plaintiff's duty to fairly summarize the evidence—both favorable and unfavorable. The failure to do so forfeits the issue on appeal.

### 4. Even Absent Forfeiture, We Would Find No Error and No Prejudice

Even in the absence of forfeiture, we would conclude that plaintiff has not shown error or prejudice warranting reversal. Defendants' expert opined that the efforts taken by defendants to secure an inspection of the property constituted reasonable efforts to comply with defendants' obligations under the circumstances. Defendant's expert further opined that the standard of reasonable care for a property manager did not require additional efforts to enter the property without the tenant's consent under the

---

[8] Plaintiff briefly mentions the testimony of defendants' expert, but only in reference to an issue in which plaintiff claims the experts did not disagree.

15

circumstances. This constitutes substantial evidence in support of the trial court's finding that the standard of care did not require defendants' to enter the property in the manner claimed by plaintiff. The fact that plaintiff presented a competing expert opinion at trial does not establish error warranting reversal. (*Wheat v. Morse* (1961) 197 Cal.App.2d 203, 205 ["[I]f findings are supported by substantial evidence an appellate court cannot reassess the weight of conflicting evidence or presume to pass upon the credibility of witnesses."].)

Additionally, even if we were to assume the trial court erred in making this finding, plaintiff has not shown prejudice warranting reversal. As we have already observed, the trial court made an independent finding that plaintiff failed to establish that defendants' acts or omissions were a proximate cause of injury to plaintiff. Like a claim for breach of contract, proximate cause is an essential element of a claim for professional negligence. (*Galanek v. Wismar* (1999) 68 Cal.App.4th 1417, 1424 [" ' " 'The elements of a cause of action in tort for professional negligence" include " ' " 'proximate causal connection between the negligent conduct and the resulting injury . . . .' " ' "].) Plaintiff has not challenged the sufficiency of the evidence to support this finding on appeal, and this finding alone would support judgment in defendants' favor. Thus, plaintiff has not shown prejudice warranting reversal. (*Bealmear v. Smith* (1949) 91 Cal.App.2d 179, 181-182 ["If findings are made upon issues which determine a cause, other issues become immaterial and a failure to find thereon does not constitute prejudicial error."].)

D. *The Trial Court Was Not Required To Consider a New Claim Raised for the First Time After Trial*

Finally, plaintiff claims the trial court "erroneously denied" a request to enforce an oral promise made by defendant Chen to pay for the costs of repairs caused by the tenant. We disagree.

"One of the functions of pleadings is to limit the issues and narrow the proofs. . . . Evidence which is not pertinent to the issues raised by the pleadings is immaterial, and it is error to allow the introduction of such evidence." (*Fuentes v. Tucker* (1947) 31 Cal.2d 1, 4.) Thus, a plaintiff's failure to properly plead an issue "bars recovery on that ground" (*Pierce v. Pac. Gas & Elec. Co.* (1985) 166 Cal.App.3d 68, 86), and a trial court is not required to make findings on such issues, even if requested to do so (*Colony Ins. Co. v. Crusader Ins. Co.* (2010) 188 Cal.App.4th 743, 750-752 [party was not entitled to raise unpleaded claim "under the guise of an objection to the court's failure to resolve a controverted issue"]; *Hewko v. G.I. Trucking Co.* (1966) 242 Cal.App.2d 738, 744 [trial court not required to make findings in response to the plaintiff's request where issue was not pleaded in complaint, not mentioned in pretrial statements and the "plaintiff first referred to another theory in the closing argument"]).

Here, the first amended complaint alleges the breach of the property management agreement and breach of the standard of care owed by a real estate professional as the basis of plaintiff's claims. Plaintiff's trial brief adhered to these theories of liability and made no mention of a postdispute promise to pay for repairs as the basis of any recovery. The first time plaintiff ever suggested that a postdispute promise to pay for repairs should

17

be considered a separate basis for liability was in its written closing argument, which was submitted only after defendants had already submitted their closing statement.[9]

In fact, the record discloses that plaintiff admitted that it never tendered the issue of a postdispute promise to pay for repairs. In moving for a new trial based upon purported attorney misconduct, plaintiff acknowledged that the claim was "not stated as a cause of action in the [first amended complaint]," and its attorney "could have and should have made a motion to amend the pleadings" to seek recovery on this basis.

Where plaintiff failed to plead a claim for recovery based upon a postdispute oral promise; failed to request leave to amend the pleading during trial to conform to purported evidence in support of such a claim; and failed to afford defendants any opportunity to address this theory of liability at any time during the trial; it was not error for the trial court to refuse to consider the issue as a basis for recovery in its statement of decision.[10]

---

[9] Plaintiff's characterization of the evidence on this point as "uncontradicted" is misleading. Because the issue was never alleged as a basis for liability, defendants had no reason to present evidence to contest the matter or even reference the matter in any of their arguments at the time of trial.

[10] Nor would it be appropriate for us to entertain this new theory for the first time on appeal. " ' "As a general rule, theories not raised in the trial court cannot be asserted for the first time on appeal; appealing parties must adhere to the theory (or theories) on which their cases were tried." ' " (*Green v. Healthcare Services*, *Inc.*, *supra*, 68 Cal.App.5th at pp. 418-419.) A party is not "entitled to sit on its rights and only assert [a] claim in a motion for new trial and on appeal." (*Ibid.*)

18

## IV.  DISPOSITION

The judgment is affirmed.  Defendants to recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____

J.

We concur:


McKINSTER _____

         Acting P. J.


RAPHAEL _____

         J.